PER CURIAM.
We here consider suggestion of the State for a writ of prohibition prohibiting the District Court of Appeal, Second District, from hearing the appeal of Lonnie E. Cox, Jr., from an order of the Circuit Court of Pinellas County, Florida, granting the State’s motion for reconsideration of a former order of said Circuit Court dismissing and forever discharging said Lonnie E. Cox, Jr. from prosecution under an information charging Cox with aggravated assault and kidnapping. Said former order was issued under the purported authority of Florida Rules of Criminal Procedure, Rule 1.191(a)(1), known as the Speedy Trial Rule, 33 F.S.A.
Rule Nisi in Prohibition was issued. Respondents have advised no answer or return will be filed.
This matter being at issue, it is the opinion of this Court that the Circuit Court order granting reconsideration of the former order discharging Lonnie E. Cox, Jr. purportedly under the Speedy Trial Rule, is a nonappealable interlocutory order and that the District Court is without jurisdiction to consider it. See Article V, section 5(3), Constitution of Florida, F.S.A. See also State v. Smith, Fla.App.1971, 254 So.2d 402. That decision was approved by this Court in State v. Smith and Figgers, 260 So.2d 489. The sole provision promulgated by this Court for appellate review of pretrial orders in criminal cases is found in Rule 6.3, subd. b, Florida Appellate Rules, 32 F.S.A. which only allows appeal therefrom by the State.
Nothing herein is intended to preclude Lonnie E. Cox, Jr. from raising the question of the validity of the order of reconsideration re: application of the speedy trial rule in his cause in any appeal he takes from a final judgment therein.
The foregoing considered, peremptory writ is hereby issued directed to Respondents prohibiting them from taking jurisdiction of the appeal of Lonnie E. Cox from said order of reconsideration.
It is so ordered.
ROBERTS, C. J., and CARLTON, ADKINS and BOYD, JJ., concur.
ERVIN, J., dissents with opinion.