467 So.2d 1119 (1985)
James Richard ZIMMERMAN, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. AW-28.
District Court of Appeal of Florida, First District.
May 3, 1985.
Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant/cross-appellee.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., Thomas H. Bateman, III, Asst. Atty. Gen., Tallahassee, for appellee/cross-appellant.
SHIVERS, Judge.
Zimmerman appealed his conviction and sentence for trafficking in more than 100 pounds of cannabis in violation of section 893.135(1)(a)1, Florida Statutes. State cross-appealed the judgment of conviction for its failure to impose the minimum mandatory fine of $25,000 required by this statute. Zimmerman subsequently voluntarily dismissed his appeal. We resolve the cross-appeal in favor of the State and remand.
On June 7, 1983, Zimmerman offered to plead nolo contendere to violation of section 893.135(1)(a)1, Florida Statutes. At the hearing the trial court asked the Assistant State Attorney the amount of the statutory fine who responded that it was $10,000. Zimmerman's trial counsel agreed that $10,000 was the fine. In accepting the plea, the trial court informed Zimmerman the fine would be $10,000.
The Assistant State Attorney also requested that, pending a presentence investigation, Zimmerman be allowed to remain on bond during preparation of the presentence investigation. This would "enable the agency and the Department of Law Enforcement to work with our office to *1120 begin the evaluation of the assistance, toward substantial assistance."
The judgment imposed a five-year sentence, mandatory three years, but failed to impose a fine.
We note that the voluntary dismissal of an appeal does not affect proceedings on cross-appeal. Fla.R.App.P. 9.350(b); and the State may appeal an illegal sentence. Fla.R.App.P. 9.140(c)(1)(I).
Section 893.135(1)(a)1, Florida Statutes, imposes a mandatory $25,000 fine in addition to the imprisonment. The failure to impose that fine renders the sentence illegal. Cf. Kelly v. State, 359 So.2d 493 (Fla. 1st DCA 1978) (20 years imposed when 30 years was the statutory minimum sentence), Pruitt v. State, 403 So.2d 988 (Fla. 2d DCA 1980) ($5,000 fine imposed where $1,000 fine was maximum allowed).
Notwithstanding the mandatory language of section 893.135(1)(a)1, Florida Statutes, a violator who renders substantial assistance may, upon a motion from the State, receive a reduced or suspended sentence pursuant to section 893.135(3), Florida Statutes:
(3) The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance.
Although mention of an opportunity to render substantial assistance is made, the record contains no motion to mitigate by the State. "The statutory language is clear. The court may mitigate ... only when the State represents that defendant has rendered substantial assistance... ." Campbell v. State, 453 So.2d 525, 526 (Fla. 5th DCA 1984).
There appearing no motion to mitigate the fine, the case is REMANDED for resentencing.
SMITH and WIGGINTON, JJ., concur.