545 So.2d 450 (1989)
Jesus AVILA, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-506.
District Court of Appeal of Florida, Third District.
June 20, 1989.
Robert M. Haggard, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before BARKDULL, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Jesus Avila appeals judgments of conviction on two counts of first-degree murder and one count of use of a firearm in the commission of a felony. For the following reasons, we reverse and remand for a new trial.
The record reveals that on the evening of March 24, 1987, Avila was identified at the scene as the driver of a vehicle involved in a hit-and-run accident. The investigating officer placed Avila under arrest for DUI, at which time Avila gave his name as either "Anobel" or "Anabal." Officer Gerry Navarro arrived at the scene and read Avila his Miranda rights in Spanish but made no inquiries at that time. Avila was transported to a booking facility. During the course of booking Avila on the DUI charge, Officer Navarro asked him if he had given his real name. In response, Avila asked, "Do you want to know how much of a man I am?" Officer Navarro said, "Yeah, tell me how much of a man you are," to which Avila replied, "My real name is Jesus Avila," and "I am wanted for two murders." An investigation revealed outstanding warrants. Avila again was advised of his Miranda rights.
A videotape of the DUI testing was begun. Avila at first refused to take any of the sobriety tests. He received Miranda rights for a third time, at which point he said that he would not talk without an attorney present. Notwithstanding Avila's *451 clear request for counsel, the questioning continued, and Avila eventually confessed to "having killed two."
Following the videotaping, Avila was arrested on the outstanding murder warrants. Avila's motion to suppress his videotaped confession was denied; he was tried by a jury for the murders of Fawn Coon and Thomas Cower who had been shot to death on February 12, 1982. Avila presented no witnesses in his behalf and was convicted based upon the state's evidence.
On appeal, Avila argues primarily that the trial court committed reversible error in admitting into evidence his videotaped confession which the police obtained only after Avila clearly and unequivocally invoked his right to counsel. The state, as it must, concedes error based upon the holdings in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (once accused has been informed of his right to remain silent and right to counsel, questioning must cease if the accused indicates desire to remain silent), and Smith v. Illinois, 469 U.S. 91, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984) ("bright-line rule" that all questioning must cease after accused requests counsel; interrogator may not proceed as if accused had requested nothing). The state's suggestion that the error is harmless is not well taken. The Florida supreme court's holding in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), mandates reversal where the state cannot show beyond a reasonable doubt that there is no reasonable possibility that the erroneous admission of evidence affected the jury verdict. Our harmless error analysis must focus "on the effect of the error on the trier-of-fact." DiGuilio, 491 So.2d at 1139. On the record before this court, it cannot be said that there is no reasonable possibility that the admitting of the videotaped confession contributed to the conviction. Given the inconsistencies in the testimony of the state's key witnesses, certain recantations of earlier testimony, and a dearth of physical evidence linking Avila to the murder scene, the jury's viewing of Avila's videotaped confession may well have erased any reasonable doubt previously entertained. We, therefore, reverse the conviction and remand for a new trial pursuant to DiGuilio and State v. Lee, 531 So.2d 133 (Fla. 1988).
In light of our remand, we briefly dispose of the remaining points of error urged by Avila. The trial court correctly allowed into evidence Avila's earlier statement made in the course of the booking procedure. Officer Navarro's questioning Avila as to his real name was not an interrogation within the scope of Miranda. Avila's statement that he was wanted for two murders was volunteered and "neither the letter nor spirit of Miranda has been violated." Kelley v. State, 486 So.2d 578, 584 (Fla.), cert. denied, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986).
Nor did the trial court err in refusing to admit testimony as to the state of mind of one "Tony" who was at the homicide scene. The state of mind exception to the hearsay rule permits the admission of extrajudicial statements only if the declarant's state of mind is at issue or to prove or explain the declarant's subsequent conduct. § 90.803(3)(a), Florida Statutes (1987). At trial, Tony's state of mind was not at issue and his purported statements could not be used to prove Avila's state of mind. See Correll v. State, 523 So.2d 562 (Fla.), cert. denied, ___ U.S. ___, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988).
Finally, the trial court was correct in permitting certain witnesses to testify to their fear of Avila. Such evidence was admissible to explain their reluctance to come forward at the time of the murders and to cooperate fully with the police. See Sireci v. State, 399 So.2d 964 (Fla. 1981) (defendant's attempt to intimidate state's witness is relevant and admissible), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982).
Reversed and remanded for a new trial.