559 So.2d 601 (1990)
STATE of Florida, Appellant/Cross-Appellee,
v.
Annette Lee McADAMS and Travis Richard Harper, Appellees/Cross-Appellants.
Nos. 89-770, 89-785.
District Court of Appeal of Florida, Fifth District.
January 11, 1990.
On Motion for Rehearing April 19, 1990.
Rehearing Denied April 23, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee and Dee R. Ball, Asst. Atty. Gen., Daytona Beach, for appellant/cross-appellee.
Richard S. Rhodes, Orlando, for appellees/cross-appellants.
On Motion for Rehearing En Banc April 19, 1990.
HARRIS, Judge.
The State appeals that portion of an order suppressing appellees' conversation recorded while they were in the back seat of a patrol car, and appellees appeal that portion of the order refusing to suppress statements given during the booking procedure prior to Miranda warnings. We reverse the order granting suppression of the taped conversation and affirm the order denying suppression of the booking information.
McAdams, Harper and a co-defendant were arrested as the result of an undercover narcotics investigation. Prior to receiving Miranda warnings they were asked, consistent with the routine booking procedure of the arresting agency, for their names, ages, current address and social security numbers. The officers also inquired about the location of a white automobile which undercover officers had observed *602 the day before the arrest. Although Harper refused to answer, McAdams stated that it was at the address given as Harper's residence. After receiving Miranda warnings, appellees elected to make no statements. Appellees were then placed in the back of the patrol car where, in the presence of a wireless transmitter, they began to discuss six ounces of cocaine located in Harper's home. Based on this information, a search warrant was obtained for the Harper residence, and cocaine and marijuana were found. The white automobile was subsequently seized.
Generally, recorded conversations of defendants in the back seat of a police car do not violate defendant's statutory or constitutional rights because there can be no expectation of privacy in a police car. Brown v. State, 349 So.2d 1196 (Fla. 4th DCA 1977), cert. denied, 434 U.S. 1078, 98 S.Ct. 1271, 55 L.Ed.2d 785 (1978); DiGuilio v. State, 451 So.2d 487 (Fla. 5th DCA 1984), approved and remanded, 491 So.2d 1129 (Fla. 1986). Appellees rely on State v. Calhoun, 479 So.2d 241 (Fla. 4th DCA 1985), but Calhoun is distinguishable on its facts. In Calhoun, the defendant asked to speak to his brother in privacy after having been given his Miranda warnings. He and his brother were taken into an interview room and left unattended. There was a video camera hidden in the ceiling. In holding that the officers had fostered a reasonable expectation of privacy, the court suppressed the video tape. In the case at bar, the officers did nothing to foster an expectation of privacy and Calhoun is inapplicable.
Concerning the cross-appeal, basic identification data required for booking is not generally subject to Miranda. Hines v. LaVallee, 521 F.2d 1109 (2nd Cir.1975), cert. denied, 423 U.S. 1090, 96 S.Ct. 884, 47 L.Ed.2d 101 1976. We reject appellees' claim that since Harper's address was used in obtaining the search warrant the booking information was used in an investigative manner and therefore should be suppressed. While it is true that after the recorded conversation the address took on added significance, this does not mean that booking information otherwise appropriate should now be suppressed. The purpose of the exclusionary rule is to prevent police misconduct. Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Therefore, we must look to the circumstances at the time of the inquiry to determine if Miranda warnings are required. Since the address had no particular significance at the time of the inquiry, Miranda warnings were not required.
In any event, an address is the type of information that would be readily available through independent sources or would inevitably be discovered once the recorded conversation was reviewed. See State v. McLaughlin, 454 So.2d 617 (Fla. 5th DCA 1984).
REVERSED in part; AFFIRMED in part and REMANDED.
DANIEL, C.J., and GOSHORN, J., concur.

ON MOTION FOR REHEARING EN BANC
The State moved for rehearing en banc on our previous opinion which assumed jurisdiction of the cross-appeal of McAdams and Harper contesting a portion of the same order appealed by the State. We grant rehearing en banc but confirm our previous opinion for the reasons stated herein.
The issue, simply stated, is whether a defendant in a criminal case can cross-appeal the court's refusal to suppress a portion of the evidence after the State appeals the same order granting partial suppression. Although State v. Ferguson, 405 So.2d 294 (Fla. 4th DCA 1981) and State v. Williams, 444 So.2d 434 (Fla. 3d DCA 1983) deny such cross-appeal, we disagree. While it is true that the defendant has no right to appeal a non-final order under the provisions of Rule 9.140(b)(1) and initially invoke the court's jurisdiction, such rule does not, by its terms, foreclose a cross-appeal.[1]
*603 Here the court's jurisdiction was invoked by the State pursuant to Rule 9.140(c)(1)(B) to consider the same order challenged by appellant. It would appear that Rule 9.140(f) would grant the court the authority, once its jurisdiction is invoked, in the interest of justice "to grant any relief to which any party is entitled," (emphasis added).[2] This is consistent with the decision in State v. McInnes, 133 So.2d 581 (Fla. 1st DCA 1961), cert. denied 139 So.2d 692 (Fla. 1962) which permitted the defendant to cross-appeal, although a direct appeal would have been precluded by the rules, because the court found "nothing in the rules which specifically prohibits a defendant from taking a cross-appeal in those instances where the main appeal has been taken by the State ..." McInnes at 582.
Since an adverse decision at trial could trigger the appeal of the same order before a different panel, the interest of justice and judicial economy justifies considering the cross-appeal in this case. To the extent that State v. H.M. Bowness Oil, Inc., 522 So.2d 73 (Fla. 5th DCA 1988), and State v. Soto, 444 So.2d 1151 (Fla. 5th DCA 1984), are inconsistent with this opinion, we recede from those cases.
DANIEL, C.J., and DAUKSCH, COBB, W. SHARP, COWART, GOSHORN, PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] Cross-appeals are not jurisdictional. See Safeco Ins. Co. v Rochow, 384 So.2d 163 (Fla. 5th DCA 1980). The provision for cross-appeal under the present rules of appellate procedure was intended to replace the cross-assignments of error provided by the earlier rules. See editorial comments following Rule 9.110, Rules of Appellate Procedure.
[2] See also Judge Nesbitt's specially concurring opinion in Taylor v. State, 436 So.2d 124 (Fla. 3d DCA 1982):

Additionally, there are sound reasons for determining all issues once valid jurisdiction has been obtained.
Needless steps in litigation should be avoided wherever possible and courts should always bear in mind the almost universal command of constitutions that justice should be administered without "sale, denial or delay." Piecemeal determination of a cause by our appellate court should be avoided and when a case is properly lodged here there is no reason why it should not then be terminated here... .
Taylor at 128, quoting Zirin v. Charles Pfizer & Co., 128 So.2d 594 (Fla. 1961).