GERSTEN, Judge.
Appellant, David Wesley Brown, appeals his convictions and sentence for burglary of a conveyance, robbery, and false imprisonment. We affirm.
Appellant was arrested in connection with the hijacking of a liquor truck. After advising him of his Miranda rights, the police questioned appellant about his participation in the hijacking. The detective terminated the interview because appellant did not respond to questioning.
Appellant was then transported to the jail. On his way to the jail, appellant told the detective that he was the “brains of the whole thing,” that “he had used [the co-defendant] to do the robbery,” but that it “was [the co-defendant] the guy with the gun.”
Appellant moved to suppress these statements. The trial court denied appellant’s motion finding that appellant did not exercise his right to remain silent or to obtain *1244 counsel. Appellant was convicted based on substantial evidence which included three eyewitness identifications at trial.
Appellant contends that the trial court erred by denying the motion to suppress statements to police after he had indicated that he did not want to speak. Appellee asserts that appellant did not invoke his right to remain silent.
We find that appellant’s non-responsive behavior while being questioned does not constitute an invocation of his right to remain silent. See Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); United States v. Glen-Archila, 677 F.2d 809 (11th Cir.), cert. denied, 459 U.S. 874, 103 S.Ct. 165, 74 L.Ed.2d 137 (1982); United States v. Menichino, 497 F.2d 935 (5th Cir.1974).
In the absence of some affirmative manifestation of a desire to remain silent, it is presumed that the privilege has not been invoked. Jenkins v. Anderson, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980); Rodriguez v. State, 559 So.2d 392 (Fla. 3d DCA 1990). Here, there was a concrete affirmative manifestation to communicate with police after being advised of his rights — he voluntarily spoke about the crime. See Avila v. State, 545 So.2d 450 (Fla. 3d DCA 1989); Walker v. State, 484 So.2d 1322 (Fla. 3d DCA 1986).
Finally, because the evidence against appellant was overwhelming, we find any error to have been harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Affirmed.