ON MOTION TO DISMISS CROSS-APPEAL
PER CURIAM.
Pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B) the state has ap *566 pealed the trial court’s pretrial order partially suppressing seized evidence. The defendant has cross-appealed that aspect of the order denying his motion to suppress all of the seized evidence.
The state seeks to dismiss the cross-appeal on the ground that it is not authorized by the appellate rules. Several district courts have held that there is no jurisdiction to entertain a cross-appeal when the order in question could not have been independently appealed by the defendant. See State v. Williams, 444 So.2d 434 (Fla. 3d DCA 1983); State v. Willits, 413 So.2d 791 (Fla. 1st DCA 1982); State v. Clark, 384 So.2d 687 (Fla. 4th DCA), rev. denied, 392 So.2d 1372 (Fla.1980). We agree, however, with the fifth district’s view stated in State v. McAdams, 559 So.2d 601 (Fla. 5th DCA 1990), that a notice of cross-appeal is not jurisdictional. Hence, we, too, hold that a cross-appeal in the present circumstance is not foreclosed.
Thus, we deny the state’s motion to dismiss the cross-appeal, but we expressly note that our ruling permitting the cross-appeal is confined to matters arising wholly out of the order that is under review in the direct appeal.
FRANK, A.C.J., and PARKER and PATTERSON, JJ., concur.