ON MOTION TO DISMISS CROSS APPEAL

PER CURIAM.
Based on the authority of State v. DeConingh, 396 So.2d 858 (Fla. 3d DCA 1981); State v. Clark, 384 So.2d 687 (Fla. 4th DCA), rev. denied, 392 So.2d 1372 (Fla.1980); and State v. Ferguson, 405 So.2d 294 (Fla. 4th DCA 1981), we grant the state’s motion to dismiss the defendant’s cross appeal and hold that where, as here, the state takes an interlocutory appeal from an order granting in part a defendant’s motion to suppress certain *1134 statements made by the defendant to the police, Art. V, § 4(b)(1), Fla.Const.; Fla. R.Crim.P. 9.140(c)(1)(B), this court has no jurisdiction to entertain a cross appeal by the defendant from that portion of the order under review which denies in part the defendant’s above-stated motion to suppress. See also State v. Williams, 444 So.2d 434, 438 n. 6 (Fla. 3d DCA 1983); State v. Roberts, 415 So.2d 796 n. 3 (Fla. 3d DCA 1982). We certify, however, that this decision is in conflict with State v. McAdams, 559 So.2d 601 (Fla. 5th DCA 1990) (en banc), and State v. Waterman, 613 So.2d 565 (Fla. 2d DCA 1993), so as to permit further review of this decision by the Florida Supreme Court pursuant to Article V, Section 3(b)(4) of the Florida Constitution. Upon the defendant’s representation that such review will be sought, we stay the state’s interlocutory appeal until the issue is finally resolved by the Florida Supreme Court.
Cross appeal dismissed; conflict certified; appeal stayed.