638 So.2d 931 (1994)
Ramon LOPEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 82484.
Supreme Court of Florida.
June 9, 1994.
Mark King Leban of the Law Offices of Mark King Leban, P.A., Miami, and Arturo Alvarez, Coral Gables, for petitioner.
Robert A. Butterworth, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., Miami, for respondent.
James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Asst. Public Defender, Tenth Judicial Circuit, Bartow, amicus curiae for Florida Public Defender Ass'n.
William J. Sheppard and Elizabeth L. White of Sheppard and White, P.A., Jacksonville, amicus curiae for The Florida Ass'n of Crim. Defense Lawyers.
Elliot H. Scherker of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, amicus curiae for Florida Ass'n of Crim. Defense Lawyers  Miami Chapter.
GRIMES, Chief Judge.
We review State v. Lopez, 630 So.2d 1133 (Fla. 3d DCA 1993), in which the court certified that its decision was in conflict with State v. McAdams, 559 So.2d 601 (Fla. 5th DCA 1990), and State v. Waterman, 613 So.2d 565 (Fla. 2d DCA 1993). We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Lopez was charged with murder and other crimes. He moved to suppress statements made to law enforcement officers over a period of two days. His motion to suppress was granted in part, and the State took an interlocutory *932 appeal from the order of suppression. Lopez sought to cross-appeal from that portion of the order which denied his motion to suppress with respect to his remaining statements. The district court of appeal granted the State's motion to dismiss the cross-appeal. The court held that it had no jurisdiction to entertain a cross-appeal of a defendant from that portion of the order which denied the defendant's pretrial motion to suppress.
It is clear that a defendant in a criminal case does not have the right to an interlocutory appeal. Fla.R.App.P. 9.140(b). See State ex rel. Shevin v. Pierce, 269 So.2d 664 (Fla. 1972). However, the question of whether there may be a cross-appeal requires an analysis of a number of decisions. The earliest case of pertinence was State v. McInnes, 133 So.2d 581 (Fla. 1st DCA 1961), cert. denied, 139 So.2d 692 (Fla. 1962), in which the State had appealed an order quashing two counts of a four-count information. The defendant cross-appealed that portion of the order denying his motion to quash the remaining counts. The State moved to dismiss the cross-appeal on the premise that there was no rule or statute which authorized a defendant to cross-appeal. In denying the State's motion, the court stated that there was nothing in the appellate rules which prohibited a criminal defendant from cross-appealing an order from which the State had filed an interlocutory appeal. Subsequently, in State v. McKinney, 212 So.2d 761 (Fla. 1968), this Court was faced with a certified question which asked if a defendant could cross-appeal that portion of an order which denied his motion to suppress if the State had taken an interlocutory appeal from a portion of the same order which suppressed other evidence. We responded by approving the defendant's right to cross-appeal upon the authority of State v. McInnes.
Notwithstanding, the Third and Fourth District Courts of Appeal thereafter rendered several decisions which refused to permit a defendant to cross-appeal under similar circumstances. State v. Roberts, 415 So.2d 796 (Fla. 3d DCA 1982); State v. Ferguson, 405 So.2d 294 (Fla. 4th DCA 1981); State v. DeConingh, 396 So.2d 858 (Fla. 3d DCA 1981); State v. Clark, 384 So.2d 687 (Fla. 4th DCA), review denied, 392 So.2d 1372 (Fla. 1980). These decisions were premised explicitly or implicitly upon the rationale that such cross-appeals were not authorized by the appellate rules. None of these cases mentioned either McInnes or McKinney.
Thereafter, in State v. Williams, 444 So.2d 434 (Fla. 3d DCA 1983), the Third District Court of Appeal considered the issue in more depth. The court analyzed McInnes and McKinney and acknowledged that the latter stood as controlling authority for the proposition that a criminal defendant was permitted to cross-appeal the adverse portion of an order even though there was no rule or statute which authorized a direct appeal by him from that order. However, the court reasoned that the current appellate rules, which had been adopted since McKinney, had abrogated the defendant's right to cross-appeal from an interlocutory suppression order by virtue of only making reference to cross-appeals from final orders or orders granting new trials.
More recently, the Fifth and Second District Courts of Appeal reached the opposite conclusion in McAdams and Waterman. According to McAdams, cross-appeals are not jurisdictional, and rule 9.140 provided sufficient authority to authorize a cross-appeal from an interlocutory order in a criminal case.
At the outset, we agree that the filing of a notice of cross-appeal is not jurisdictional. Safeco Ins. Co. v. Rochow, 384 So.2d 163 (Fla. 5th DCA 1980). As indicated in the committee notes to Florida Rule of Appellate Procedure 9.110, the provision for cross-appeal was intended to replace the cross-assignments of error provided by the earlier rules. Florida Rule of Appellate Procedure 9.040(a) provides that "[i]n all proceedings, a court shall have such jurisdiction as may be necessary for a complete determination of the cause." Further, McInnes and McKinney were apparently premised upon the absence of a prohibition against a cross-appeal rather than an affirmative authority for it, and there is nothing in the current rules which can be read to prohibit cross-appeals from interlocutory orders in criminal *933 cases. Finally, we note that rule 9.140(f) pertaining to the scope of review in criminal appeals states that "[i]n the interest of justice, the court may grant any relief to which any party is entitled." We believe that the interest of justice as well as judicial economy favor the resolution of all related issues when the State appeals from an order that partially grants and partially denies a motion for suppression. The instant case, which involves the admissibility of some but not all of the defendant's statements which were made in the course of the same general interrogation, illustrates the wisdom of deciding all of these issues at the same time. Like our predecessors in McKinney, we are not troubled over the absence of specific authority for such a cross-appeal so long as it concerns a related issue and is taken from the same order from which the State's appeal is taken.
Accordingly, we hold that when the State files an appeal from a nonfinal order in a criminal case, the defendant may file a cross-appeal on any related issue which was resolved in the same order from which the State is appealing. We approve the decisions in McAdams and Waterman and disapprove those in Williams, Roberts, Ferguson, Clark, and DeConingh. We quash the decision below and remand for further proceedings.
It is so ordered.
OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.