PER CURIAM.
This is an appeal by the state and a cross appeal by the defendant Ramon Lopez from an interlocutory trial court order granting in part and denying in part the defendant’s pretrial motion to suppress certain oral and written statements made by the defendant to the police in a first-degree murder case. In a previous appearance of this case, this court dismissed the defendant’s cross appeal for lack of jurisdiction, but certified conflict on the jurisdictional issue with two other district courts of appeal, so as to permit further review on the issue in the Florida Supreme Court, and stayed the entire appeal upon the defendant’s representation that he would seek further review in the Florida Supreme Court, which in fact was sought. State v. Lopez, 630 So.2d 1133 (Fla. 3d DCA 1993). Subsequently, the Florida Supreme Court quashed our order dismissing the defendant’s cross appeal and held, in effect, that we had jurisdiction to entertain the cross appeal. Lopez v. State, 638 So.2d 931 (Fla.1994) (“[W]e hold that when the State files an appeal from a nonfinal order in a criminal case [as here], the defendant may file a cross-appeal on any related issue which was resolved in the same order from which the State is appealing.” Id. at 933). Accordingly, in compliance with the Florida Supreme Court’s decision, we reinstate the defendant’s cross appeal, vacate our previous stay, and affirm on both the main appeal and cross appeal.
Without unnecessarily burdening this opinion, suffice it to say that we reach this result based on the following holdings. (1) The defendant’s first oral statement to the police given at approximately 6:00 A.M. on May 4, 1991, was properly suppressed by the trial court as the police did not give the defendant adequate Miranda warnings prior to taking the statement. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); State v. Roman, 70 Haw. 351, 772 P.2d 113, 117-18, cert. denied, 493 U.S. 944, 110 S.Ct. 349, 107 L.Ed.2d 337 (1989). See generally 3 Wharton’s Criminal Procedure § 349, at 86-116 (Charles E. Tor-cía ed., 13th ed. 1991). (2) The defendant’s second oral statement to the police given during the fingerprint process between 6:30 A.M.-7:30 A.M. on May 4, 1991, was a volunteered statement not given in response to custodial police interrogation, nor given after the defendant had exercised a right to remain silent or counsel, and thus the trial court properly denied the defendant’s motion to suppress with respect to that statement. See Traylor v. State, 596 So.2d 957, 966 (Fla.1992); Kelley v. State, 486 So.2d 578, 583-84 (Fla.), cert. denied, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986); Denny v. State, 617 So.2d 323, 324 (Fla. 4th DCA 1993). (3) The defendant’s formal written statement to the police, given at 11:20 A.M. on May 4, 1991, was lawfully obtained after proper Miranda warnings, and thus the trial court properly denied the defendant’s motion to suppress with respect to this statement. See Berry v. State, 547 So.2d 969 (Fla. 3d DCA 1989); Von Horn v. State, 334 So.2d 43 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1086 (Fla.1977); Hill v. State, 223 So.2d 548 (Fla. 2d DCA 1969). (4) The defendant was seized within the meaning of the Fourth Amendment when he was subjected to custodial interrogation beginning at approximately 10:15 P.M. on May 3, 1991, after the defen *571 dant failed an agreed-to polygraph examination, which seizure was entirely reasonable as it was based on probable cause, so that none of the defendant’s subsequent oral or written statements were suppressible under the Fourth Amendment exclusionary rule. See State v. Thomas, 405 So.2d 462 (Fla. 3d DCA 1981), rev. dismissed, 419 So.2d 1200 (Fla. 1982); Rector v. State, 532 So.2d 16 (Fla. 3d DCA 1988).
Affirmed.