669 So.2d 1053 (1996)
Carmine Charles FALCO, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3417.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
*1054 Jack A. Fleischman and Sidney Z. Fleischman of Fleischman & Fleischman, Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Judge.
Appellant was convicted on multiple counts of sexual activity by a person in custodial authority with a child under section 794.041(2)(b), Florida Statutes (1991), of sexual battery on a person less than 12 years of age under section 794.011(2), and of promoting the sexual performance of a child under section 827.071(3). He was thereafter sentenced to 6 consecutive life terms plus 265 years. We affirm in all respects and comment briefly on a constitutional issue raised.
Appellant contends that as the term "custodial authority" is not defined by section 794.041(2), it is unconstitutional as vague, indefinite, and over-broad.[1]See State v. Winters, 346 So.2d 991 (Fla.1977); Warren v. State, 572 So.2d 1376 (Fla.1991). However, a criminal law is not "vague" simply because prohibited conduct is described in general terms where persons of common understanding can comprehend the meaning of the terms in question. State v. Joyce, 361 So.2d 406 (Fla.1978).
In Hallberg v. State, 649 So.2d 1355 (Fla.1994), the supreme court addressed the application of section 794.041, stating that "the term `custodial,' absent a statutory definition, must be construed in accordance with the commonly understood definition as one having custody and control of another." Although the supreme court in Hallberg was not asked to address the constitutionality of the statute, the court made clear that there exists today a commonly understood definition of "custodial authority." Accordingly, we find Appellant's constitutional challenge to be without merit.
FARMER, J., and STREITFELD, JEFFREY, Associate Judge, concur.
NOTES
[1] We note that there is no contention in the instant case that Appellant also stood in a "familial" relationship with the victims.