686 So.2d 676 (1996)
Robert HULL, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1180.
District Court of Appeal of Florida, Third District.
December 18, 1996.
Rehearing Denied February 5, 1997.
Jason R. Smith, Key West, for appellant.
Robert A. Butterworth, Attorney General and Fleur J. Lobree, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
SCHWARTZ, Chief Judge.
As a result of consensual sexual relations with his seventeen year old niece by marriage, Hull was charged with sexual battery by a person "in a position of familial or custodial authority," as proscribed by section 794.011(8), Florida Statutes (1995). He appeals from a conviction entered on a nolo plea which preserved the right to review his "(c)(4)" motion to dismiss. We reverse on the ground that the motion should have been granted.
We so hold because the uncontradicted showing of the sworn motion to dismisswhich was formally denied but not specifically disputed and was therefore deemed admitted in the State's traverse, see Fla.R.Crim.P. 3.190(d)conclusively demonstrated that Hull had no close personal relationship with nor any authority over the victim, who had moved into her own private room in the Hulls' home while she was attending college in the Keys.[1] It is clear that *677 the facts demonstrate the total absence of the "recognizable bond of trust," State v. Rawls, 649 So.2d 1350, 1353 (Fla.1994), or the "duty or obligation to care for the other," see Hallberg v. State, 649 So.2d 1355, 1357 (Fla.1994)(quoting with approval Hallberg v. State, 621 So.2d 693, 705-06 (Fla. 2d DCA 1993) (Altenbernd, J., concurring in part and dissenting in part)), which are indispensable to a finding of the "familial or custodial authority" required for a violation of the statute.[2] See also Falco v. State, 669 So.2d 1053 (Fla. 4th DCA 1996), review denied, 672 So.2d 542 (Fla.1996); Stricklen v. State, 504 So.2d 1248 (Fla. 1st DCA 1986); Coleman v. State, 485 So.2d 1342 (Fla. 1st DCA 1986). Accordingly, the convictions and sentences under review are reversed with directions to discharge the defendant.
Reversed.
NOTES
[1] Specifically, the sworn motion stated:

a) The alleged victim herein ... is the niece of the Defendant's wife.... [She] was seventeen at the time of alleged offense.
b) In the Spring of 1995 [the victim's] residing wife and the Defendant about [her] residing with them while she attended classes at Florida keys Community College. The [victim's] family lives in Sterling, Mass.
c) The defendant and his wife consented.
d) [The victim's] father never spoke to either the defendant of the Defendant's wife about his daughter's residency at their home. He made no agreements with the Defendant or the defendant's wife with respect to the Defendant exercising any familial or custodial authority over [the victim].
e) The father had no conversations with or agreements with the defendant or his wife concerning compensation to the defendant or his wife for taking care of [the victim].
f) The father had no conversations with or agreements with the defendant or his wife regarding any restrictions to be placed on [the victim] during her residency with the defendant.
g) The father did not execute any power of attorney or temporary custody documents with respect to [the victim] in favor of the defendant or his wife.
h) The father is aware of no written correspondence regarding these matters.
i) [The victim's] mother spoke to the defendant's wife about said residency. She offered to pay [the wife] an undetermined amount of money to help pay [the victim's] expenses, but [the wife] refused said payment.
j) No other arrangements were made between [the victim's] mother and [the defendant's wife] or the defendant about [the victim] residing at the defendant's home.
k) The mother executed no written documents giving the defendant or his wife supervisory authority over [the victim].
1) [The victim] and her mother travelled to Sugarloaf Key to the residence of the defendant and his wife in August of 1995.
m) While there, [the victim] and her mother registered for school, pursued job opportunities, opened a bank account (which was consigned by [the victim's] mother), among other activities. The defendant participated in none of these activities. [The victim's] mother returned to Massachusetts on or about August 22, 1995.
n) [The victim] had her own vehicle and her own insurance thereon.
o) [The victim's] health insurance was included under her parents' policy.
p) [The victim's] mother was unaware of any "ground rules" her daughter was obliged to follow while staying with the defendant.
q) In fact, [the victim] had no "ground rules" she was obliged to follow.
r) When offered a copy of [the victim's] class schedule by her mother, the defendant refused same. [The victim's] mother has said that the defendant intended to allow [the victim] to "live her own life" while staying with him and his wife.
s) In fact, the defendant exercised no supervisory authority whatsoever over [the victim].
t) [The victim] came and went from the residence as she pleased. She was not required to "check in" with the defendant any time, nor was she required to tell the defendant where she was going. She had her own key to the premises.
u) [The victim] had no duties around the house, e.g., cooking or cleaning. She did her own laundry. She had her own room with its own outside entrance.
v) The defendant never gave [the victim] any money for expenses. She received that money from her parents.
w) Defendant did not have a close relationship with [the victim]. In fact, [the victim] resided at his house without her mother for only nine days before the alleged incident occurred.
[2] The relationship of uncle-in-law and niece-in-law is clearly not alone sufficient to demonstrate a section 794.011(8), Florida Statutes (1995) "authority" or to implicate the incest statute, section 826.04, Florida Statutes (1995) (requiring relationship of "uncle" and "niece"). Hull was not charged with a violation of section 794.05, which forbids intercourse with an unmarried person under eighteen of "previous chaste character."