THOMPSON, Judge.
On 24 April 1997, the state filed a notice of appeal of the part of the trial court’s non-final order which granted Carole Fedor’s motion to exclude from trial evidence of the alleged victim’s identification of Fedor in a photographic line-up. On 20 May 1997, Fe-dor filed a notice of cross-appeal directed to the part of the order which denied her motion to preclude any in-court identification by the victim. The state voluntarily dismissed its appeal on 24 July 1997. The issue before this court is whether we have jurisdiction to hear the cross-appeal after the state voluntarily dismissed its main appeal. We hold we have no jurisdiction and dismiss the appeal.
The state had the right to appeal the pretrial order which granted in part and denied in part Fedor’s motion. See Rule 9.140(e)(1)(B), Fla. R.App. P.; §§ 924.07, 071, Fla. Stat. (1995). Further, Fedor had the right to cross-appeal the part of the same order which was unfavorable to her. Lopez v. State, 638 So.2d 931 (Fla.1994). In Lopez, the Florida Supreme Court held that a defendant in a criminal case has no right to an interlocutory appeal, but that “the defendant may file a cross-appeal on any related issue which was resolved in the same order from which the state is appealing.” Lopez, 638 So.2d at 932.
A cross-appeal can continue after the main appeal has been dismissed if the cross-appeal could have been appealed on its own merits, independent of the of the main appeal. State v. Smith, 557 So.2d 904 (Fla. 1st DCA 1990); Zimmerman v. State, 467 So.2d 1119 (Fla. 1st DCA 1985); see also Fla. R.App. P. 9.350(b). In Smith and Zimmerman, the state was allowed to continue an appeal after the defendant dismissed the main appeal. As mentioned previously, as a defendant, Fedor had no independent right to appeal a pre-trial order. See Lopez; R.J.B. v. State, 408 So.2d 1048 (Fla.1982); Fla.R.App. P. 9.140(b). Therefore, Fedor’s cross-appeal cannot survive the dismissal of the main appeal. See Ramos v. State, 505 *527 So.2d 418 (Fla.1987) (holding that where the cross-appellant could not have initially appealed, the cross-appeal depends entirely on the existence of an appeal).
DISMISSED FOR LACK OF JURISDICTION.
GRIFFIN, C.J., and HARRIS, J., concur.