942 So.2d 899 (2005)
The SCOTTS COMPANY, a foreign corporation, Scotts-Sierra Horticultural Products Company, a foreign corporation, and Bob Santana, a Florida resident, Appellants,
v.
HACIENDA LOMA LINDA, a foreign corporation, Appellee.
No. 3D05-1331.
District Court of Appeal of Florida, Third District.
November 9, 2005.
Clarke, Silverglate, Campbell, Williams & Montgomery and Dennis M. Campbell, Miami, for appellants.
Josephs, Jack & Miranda, P.A., and Susan S. Lerner, Miami, for appellee.
Before COPE, C.J., and GREEN and SHEPHERD, JJ.

On Motion to Dismiss Cross-Appeal
COPE, C.J.
The question before us is whether a litigant is authorized to file a cross-appeal of a non-final order which is being appealed under Florida Rule of Appellate Procedure 9.130. The answer is yes.
The appellants (who are defendants below) filed a notice of appeal of a non-final order denying their motion to dismiss on the ground of forum non conveniens. Such an appeal proceeds under Florida Rule of Appellate Procedure 9.130(a)(3)(A). See Four Star Resorts Bahamas, Ltd. v. Allegro Resorts Mgmt. Servs., Ltd., 734 So.2d 576, 577 (Fla. 3d DCA 1999).
The appellee (plaintiff below) filed a notice of cross-appeal of the same order.
The defendants moved to dismiss the cross-appeal, arguing that Rule 9.130 contains no specific authority for a cross-appeal. This stands in contrast to Rule 9.110, which contains a specific provision authorizing a cross-appeal on an appeal from a final judgment. See Fla. R.App. 9.110(g). Rule 9.140, governing criminal appeals, also contains a specific provision establishing a right of defense cross-appeal on a State non-final appeal. See Fla. R.App. P. 9.140(b)(4). Rule 9.130 is entirely silent regarding cross-appeals.
We find dispositive the Florida Supreme Court's decision in Lopez v. State, 638 So.2d 931 (Fla.1994). At the time Lopez was decided, there was no explicit authority for a defense cross-appeal in the context of a State non-final appeal. The court *900 concluded that there was "nothing in the current rules which can be read to prohibit cross-appeals from interlocutory orders in criminal cases." Id. at 932-33. The court also took the view that the interests of justice and judicial economy favored the resolution of all related issues when the State takes a non-final appeal. Id. at 933.
The same considerations militate in favor of allowing a cross-appeal during a non-final appeal under Rule 9.130. This court has previously allowed such a cross-appeal, albeit without discussing the existence or non-existence of the authority for the cross-appeal. See Florida East Coast Railway Co. v. City of Miami, 372 So.2d 152, 154 (Fla. 3d DCA 1979).
The motion to dismiss the cross-appeal is denied.