942 So.2d 900 (2006)
The SCOTTS COMPANY, a foreign corporation, Scotts-Sierra Horticultural Products Company, a foreign corporation, and Bob Santana, Appellants/Cross-Appellees,
v.
HACIENDA LOMA LINDA, a foreign corporation, Appellee/Cross-Appellant.
No. 3D05-1331.
District Court of Appeal of Florida, Third District.
June 7, 2006.
Rehearing and Rehearing Denied November 14, 2006.
*901 Clarke Silvergate Campbell Williams & Montgomery and Dennis M. Campbell and Karen H. Curtis, Miami, for appellants/cross-appellees.
Joseph, Jack & Miranda, P.A., and Susan S. Lerner, Miami, for appellee/cross-appellant.
Before LEVY and GREEN, JJ., and SCHWARTZ, Senior Judge.
Rehearing and Rehearing En Banc Denied November 14, 2006.
Prior report: 942 So.2d 899.
PER CURIAM.
The Scotts Company, its subsidiary, Scotts-Sierra Horticultural Products Company [collectively "Scotts"], and employee Bob Santana, appeal an order denying their motion to dismiss on forum non conveniens grounds. Plaintiff Hacienda Loma Linda ["Hacienda"] cross-appeals. We reverse the order.
The crux of this litigation is Hacienda's claim that a Scotts' product damaged and/or destroyed its orchid crops. Hacienda brought this action against Scotts for damages in Miami-Dade County Circuit Court. Scotts and Santana filed motions to dismiss based on forum non conveniens. After a hearing, during which the parties hotly contested the application of the Kinney[1] factors, the court denied the dismissal motion.
At the hearing, the following facts were developed. Hacienda is a Panama corporation whose principle place of business is in Panama. Hacienda's orchid nurseries are located in Panama and the alleged damage to the plants occurred there. All of Hacienda's officers and employees are in Panama. Hacienda's President, Dr. Juan Arias, resides in Panama, but he has a home in Miami-Dade County. He has an office in his Miami home where he maintains business records. He frequents Florida in order to promote his business. Ninety-one percent of Hacienda's orchids are sold to Miami-Dade County clients. *902 Dr. Arias met Santana at a trade show in Florida where Hacienda allegedly first learned of the Scotts product at issue. Hacienda contends that its lawsuit will not be entertained in Panama courts because it has first filed this action in the United States.
The ties to the forum state are as follows: Scotts, an Ohio corporation, has a research facility in Apopka, Florida, where the subject product was tested. The product is assembled and tested in South Carolina. Santana is based in Miami-Dade and is Scotts' regional representative. Scotts has stipulated to submitting itself to the Panama courts' jurisdiction and to satisfying any Panama court judgment, subject to its appeal rights.
When we subject the facts recited above to the test enunciated in Kinney, we conclude that the court should have granted the forum non conveniens dismissal motion. Kinney requires that
(1) [a]s a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. (2) Next, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. (3) If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in [another] forum. (4) If he decides that the balance favors such a . . . forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.
Kinney, 674 So.2d at 90.
As to the first Kinney factor, the availability of an adequate alternate forum, there is no disagreement that Panama is an available forum that can resolve this dispute. The parties' contention seems to center on whether Panama has a preemptive jurisdiction doctrine that will bar a suit filed there if it has been filed in another forum. However, our review of the record evidence leads us to conclude that under the circumstances of this case, there is no pre-emption and Panama will be an adequate alternate forum available to resolve this dispute.
Next, under Kinney, we consider the private interests in this litigation. It seems clear that the evidence and the vast majority of the witnesses in this case are located in Panama. The events took place there, and Scotts' employees traveled there to observe Hacienda operations, the application of Scotts' product, and later, the destruction of the damaged plants. Additionally, the plaintiff is a Panama corporation with its nurseries in Panama.
The impracticability and expense of translating all the documents involved from Spanish to English also militate against Florida being the forum of choice. The fact that Scotts markets its product extensively in Florida with great economic success is insufficient, without more, to support a conclusion that the private interests favor Florida as the forum for the lawsuit. Tananta v. Cruise Ships Catering & Servs. Int'l, 909 So.2d 874, 886 (Fla. 3d DCA 2004) (en banc), review denied, 917 So.2d 195 (Fla.2005). Moreover, we do not afford the plaintiff's choice of forum any special weight because the plaintiff is a foreign corporation. Mursia Invs. Corp. v. Industria Cartonera Dominicana, 847 So.2d 1064 (Fla. 3d DCA 2003); Woods v. Nova Cos. Belize Ltd., 739 So.2d 617, 621 n. 3 (Fla. 4th DCA 1999); Value Rent-A-Car, Inc. v. Harbert, 720 So.2d 552, 555 (Fla. 4th DCA 1998). Therefore, the private interests are not at or near equipoise; they favor dismissal.
Turning to the remaining Kinney factors, we only mention that as to the public *903 interests, Florida has no interest in adjudicating the dispute of a Panama corporation whose property was injured in Panama by events taking place there. We see no ties to Florida in the record that would merit retention of the lawsuit here. See Tananta, 909 So.2d at 888.
Lastly, there would be no inconvenience or undue prejudice to Hacienda reinstating the suit in Panama, its country of domicile. Scotts has stipulated to its appearance there, and has stipulated to producing its personnel and discovery there. As an additional safeguard, the parties must also stipulate as a condition of dismissal that the court retain jurisdiction in the event the Panama court does not entertain the case based on pre-emption. See Kawasaki Motors Corp. v. Foster, 899 So.2d 408 (Fla. 3d DCA), review denied, 915 So.2d 1196 (Fla.2005); Mursia. The trial court should reserve jurisdiction to address this issue if this become necessary.
Based on the foregoing, we reverse the order denying dismissal, and remand for entry of an order granting same.
Reversed and remanded.
NOTES
[1] Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996).