ROTHENBERG, J.
The trial court withheld adjudication of delinquency, placed J.M. on probation, and ordered J.M. to serve fifteen days in secure detention after finding J.M. guilty of carrying a concealed firearm and possession of a firearm by a minor. J.M. appeals only the finding of guilt as to the charge of possession of a firearm by a minor. We affirm.
The facts are as follows. Officer Lopez was dispatched regarding a fight. When he arrived at the address provided, he observed four or five juveniles fleeing from the scene. Officer Lopez drove up alongside the juveniles and ordered them to stop. Three of the juveniles stopped, however J.M. continued to run, and Officer Lopez observed him remove a gun from his waistband and throw the gun underneath a parked car. J.M. was taken into custody, and the gun and magazine containing hollow point ammunition were recovered from beneath the car. Following J.M.’s arrest, he was given his Miranda[1] warnings, which he voluntarily waived. J.M. told Officer Lopez that he found the gun when he was running away from an earlier fight and he picked it up and held onto it to protect himself. When asked what his date of birth was, J.M. responded that he was born on July 14, 1991, which made him sixteen years of age at the time of his arrest.
The sole issue raised by J.M. in this appeal is whether the trial court erred in admitting, over defense objection, the evidence as to J.M.’s age. J.M. argues on appeal that his statement regarding his age was an incriminating statement made in response to questioning by Officer Lopez prior to being advised of his Miranda warnings, and therefore this statement should have been suppressed.
We begin our analysis by noting that while it is clear that J.M. provided his date of birth in response to Officer Lopez’s inquiry, it is unclear whether the statement was made pre-or post-Miranda, as neither the State nor the defense asked the officer that question and there is no evidence in this record to indicate either way. Officer Lopez was asked if J.M. provided his date of birth and Officer Lopez testified that he did. When Officer Lopez was also asked if he read J.M. his Miranda rights, he testified that he read J.M. his Miranda rights per card and that J.M. voluntarily waived his rights and agreed to speak with him. He was not asked to specify the timing of these events. J.M. does not dispute that he was properly advised of his rights and that he voluntarily waived them. He merely argues, without any record evidence establishing the relevance of his argument, that prior to being asked any questions regarding his age, Officer Lopez was required to read him his rights.
Although the evidence is unclear as to whether J.M.’s statement regarding his date of birth was made pre- or post-Miranda, we conclude that even if it was made pre-Miranda, it was properly admitted. The Florida Supreme Court and the District Courts of Appeal in this state have routinely held that Miranda does not apply to questions designed to obtain basic booking information.
In Holland v. State, 773 So.2d 1065, 1073-74 (Fla.2000), the Florida Supreme Court found that the trial court did not abuse its discretion in denying Holland’s motion to suppress his statements to the police. The facts are as follows. After Holland was arrested, the police obtained his name and fingerprints. After obtaining this information, Holland was advised *165 of his Miranda rights, and upon invoking his rights, the interview ceased. Several hours later, when the police determined that Holland had given them a false name (his fingerprints did not match the name Holland gave to the police), a detective went to Holland’s cell and asked Holland for his real name, which Holland provided. Holland moved to suppress this statement. The Florida Supreme Court, relying on this Court’s opinion in Avila v. State, 545 So.2d 450, 451 (Fla. 3d DCA 1989) (concluding that a question aimed at discovering the real name of a defendant is not an interrogation within the scope of Miranda ) and the Fifth District’s opinion in State v. McAdams, 559 So.2d 601, 602 (Fla. 5th DCA 1990) (holding that basic identification data, such as name, age, current address, and social security number, is not generally subject to Miranda), concluded that because the detective’s contact with Holland was to ascertain his real name, not to speak with him about the case, the trial court did not err in denying Holland’s motion to suppress his statements. See also Pennsylvania v. Muniz, 496 U.S. 582, 601, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990) (holding that routine booking questions do not violate the constitutional protection against self incrimination as they do not constitute interrogation); Allred v. State, 622 So.2d 984, 987 (Fla.1993) (finding that “routine booking questions do not require Miranda warnings because they are not designed to lead to an incriminating response; rather, they are designed to lead to essential biographical data,” and specifying that name, address, height, weight, eye color, date of birth, and current age are routine booking questions not requiring Miranda warnings).
J.M. argues that while basic booking information generally does not require Miranda warnings, where, as here, the defendant’s age “goes to the heart of the charged offense” (possession of a firearm by a person under the age of eighteen), Miranda warnings were required. This argument, however, was rejected by the Fifth District in McAdams, a case relied on by the Florida Supreme Court in Holland. In McAdams, the Fifth District rejected McAdams’ and co-defendant Harper’s claim that because Harper’s booking information (his address) was used in an investigative manner, it should have been suppressed. The Fifth District concluded that “[wjhile it is true that after the recorded conversation the address took on added significance, this does not mean that booking information otherwise appropriate should now be suppressed.” 559 So.2d at 602.
Likewise, the Fourth District in Timmons v. State, 961 So.2d 378, 380 (Fla. 4th DCA 2007), found that inquiries made by the officer after he arrested the defendant in a hotel parking lot for possession of marijuana regarding where the defendant was staying in the hotel did not require Miranda warnings. Although this information was used to further the officer’s investigation, which resulted in additional marijuana being found in Timmons’ room and Timmons being charged with possession with intent to sell, a more serious crime, the Fourth District noted that questions regarding basic identification data required for booking, such as name, age, current address, and social security number, are not subject to Miranda. The Fourth District also found that the fact this information was not obtained during the actual booking process made no difference. Id.
We, therefore, find that even if Officer Lopez obtained J.M.’s date of birth prior to reading him his Miranda rights, the trial court did not err in failing to suppress this statement. J.M.’s date of birth is basic biographical booking information, not requiring Miranda warnings. It is also immaterial that J.M.’s date of birth was *166 obtained prior to the actual booking process. As the Fifth District aptly noted: “In any event, an address is the type of information that would be readily available through independent sources or would inevitably be discovered once the recorded conversation was reviewed.” McAdams, 559 So.2d at 602. J.M.’s date of birth not only would inevitably have been discovered during the booking process, it would have been required prior to the booking process because juveniles must be transported to the Department of Juvenile Justice and law enforcement officers are required to comply with additional requirements when dealing with juveniles. Even though J.M.’s age later took on an added significance, this does not mean that the information obtained should be suppressed because it was obtained prior to J.M. being advised of his Miranda warnings. J.M.’s age is the type of information law enforcement is required to obtain and inevitably would have been discovered. Accordingly, we find no error and we affirm the order under review.
Affirmed.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).