PALMER, J.
The State appeals the trial court’s order granting Evan Cole Vitale’s (defendant’s) motion to dismiss two of the three counts of the information filed against him. Determining that the court erred in concluding that the alleged facts could not support a finding of guilt on these two counts, we reverse. The defendant cross-appeals the same order, challenging the court’s denial of his motion to dismiss count 3. Because that ruling is not appealable, we dismiss the cross-appeal.
The defendant was charged with three counts: (1) traveling to meet a child to engage in unlawful sexual conduct after using a computer to solicit a person believed to be a parent, guardian, or custodian to consent to the child’s participation in sexual conduct;[1] (2) using a computer to solicit a person believed to be a parent, guardian, or custodian to consent to a child’s participation in sexual conduct;[2] and (3) attempted lewd or lascivious battery of a person 12 to 15 years old.[3] The defendant filed two motions to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4). The first motion sought dismissal of counts 1 and 2, and the second motion sought dismissal of count 3. The following facts were established for purposes of the motions.
An Orange County detective, posing as a 19-year-old woman, posted a Craigslist advertisement that stated, “We are lookin to chill on this Halloween Weekend. Me and sis, lookin for a good man teacher type.” The defendant responded to the ad, and an online discussion ensued that included references to sexual acts involving both the 19-year-old and her fictitious 15-year-old sister. The conversation included the following exchange:
Defendant: ... do you have your own place?
19-year-old: ya parents house but they left for a cruise lol
I am the boss of her lol
The defendant and the 19-year-old made arrangements for the defendant to come to a house. The defendant drove about 30 miles and, after he entered the house, he was arrested. A bottle of vodka and two condoms were found on his person.
The defendant’s first motion to dismiss challenged counts 1 and 2, arguing that the facts did not show that the defendant believed that the 19-year-old was a “custodian” of the 15-year-old. The second motion challenged count 3, contending that the facts did not support an attempt to commit a lewd or lascivious battery because the defendant’s acts did not reach far enough toward accomplishment of the completed crime. The court entered an order granting the motion to dismiss counts 1 and 2, but denying the motion to dismiss count 3. The State appeals the order as to counts 1 and 2, and the defendant cross-appeals as to count 3.
*855 On counts 1 and 2, the State argues that the facts were prima facie sufficient to show that the defendant believed that the 19-year-old was a custodian. We agree.
“Custodian” is not defined in section 847.0135, the statute under which the defendant was charged. Black’s Law Dictionary defines “custodian” as “[a] person ... that has charge or custody ... of a child.... In reference to a child, a custodian has either legal or physical custody.” Black’s Law Dictionary, “custodian” (9th ed. 2009). A standard dictionary defines “custodian” as “one that guards and protects or maintains.” Merriam-Webster’s Collegiate Dictionary 308 (11th ed. 2012). Under these definitions, the facts were sufficient to create an inference that the defendant believed that the 19-year-old was a custodian of the 15-year-old. In light of the circumstances — the parents had left on a cruise, and the 19-year-old was at the house with her 15-year-old sister — the “boss” language could have led the defendant to believe that the 19-year-old was a custodian of the 15-year-old.
The cases on which the defendant relies are distinguishable. In Johnson v. State, 682 So.2d 215 (Fla. 5th DCA 1996), and Hull v. State, 686 So.2d 676 (Fla. 3d DCA 1996), the extensive facts affirmatively showed that the defendant had no custodial authority over the victim. In contrast, here the limited facts are susceptible to different constructions, the most favorable to the State of which is sufficient to establish a prima facie case. Accordingly, the court erred in dismissing counts 1 and 2.
In his cross-appeal, the defendant argues that the trial court erred in denying his motion to dismiss count 3 because the facts failed to establish a prima facie case of attempted lewd or lascivious battery. This ruling is not cross-appealable.
A defendant can file a cross-appeal in a State’s appeal. Fla. RApp. P. 9.140(b)(4) (2012). However, “[rjeview of cross-appeals before trial is limited to related issues resolved in the same order being appealed.” Id. “Related issues” means issues related to an issue that the State is appealing. See State v. Cassells, 835 So.2d 397, 401 (Fla. 2d DCA 2003). Thus, the question here is whether the issue raised by the defendant on count 3 is related to the issue raised by the State on counts 1 and 2.
In cases where appellate courts have expressly found jurisdiction over a defendant’s cross-appeal, generally the State’s and defendant’s issues were either legally intertwined or closely factually related. For example, in State v. Ashley, 670 So.2d 1087 (Fla. 2d DCA 1996), quashed in part on other grounds, 701 So.2d 338 (Fla.1997), the defendant shot herself in the abdomen to hurt her unborn child, and the child later died after being born alive. The State charged the defendant with manslaughter and with third-degree felony murder, with the predicate felony being abortion or attempted abortion. The defendant moved to dismiss the charges, asserting that she could not be charged with either offense as a matter of law. The trial court granted her motion to dismiss as to murder, but denied it as to manslaughter. The State appealed as to murder, and the defendant cross-appealed as to manslaughter. The Second District held that the cross-appeal was proper. Id. at 1088-89.
Similarly, appellate courts have found jurisdiction where the trial court granted in part and denied in part a motion to suppress different items of evidence found during the same search, State v. Miyasato, 805 So.2d 818, 820 & n. 1 (Fla. 2d DCA 2001); State v. Glass, 657 So.2d 934, 935 & n. 2 (Fla. 1st DCA 1995); cf. State v. Waterman, 613 So.2d 565 (Fla. 2d DCA 1993), approved, Lopez v. State, 638 So.2d 931 (Fla.1994); to suppress different state *856 ments made during a booking and transport process, State v. McAdams, 559 So.2d 601 (Fla. 5th DCA 1990), approved, Lopez, or a two-day period, Lopez; or to exclude an out-of-court identification and preclude an in-court identification, State v. Fedor, 714 So.2d 526, 526 (Fla. 5th DCA 1998).
Here, the defendant’s issue relating to the denial of his motion to dismiss count 3 is not legally intertwined with, or closely factually related to, the State’s issue relating to the dismissal of counts 1 and 2. The defendant’s issue, whether his traveling to and entering the house was a sufficient overt act for purposes of attempted lewd or lascivious battery, is based on different facts and different law from the State’s issue, whether the facts supported a finding that the defendant believed the 19-year-old was a custodian of the 15-year-old for purposes of the solicitation and traveling offenses. Accordingly, we lack jurisdiction to review the defendant’s cross-appeal.
REVERSED as to the State’s appeal; DISMISSED as to the defendant’s cross-appeal; REMANDED.
ORFINGER, C.J., and BERGER, J., concur.

. § 847.0135(4)(b), Fla. Stat. (2011).

. § 847.0135(3)(b), Fla. Stat. (2011).

. §§ 800.04(4)(a), 777.04(1), Fla. Stat. (2011).