HUBBART, Judge.
This is an appeal by the state from a trial court order in a juvenile delinquency proceeding suppressing certain incriminating statements made by the respondent J.Y. to the police. The trial court suppressed the statements because admittedly no Miranda warnings were given to the respondent prior to the police interrogation which produced the statements. The state contended in the trial court that no Miranda warnings were required because the statements were obtained during a consensual encounter between the police and the respondent. The trial court disagreed and concluded that, under the totality of the circumstances, a reasonable person would have understood that he was in police custody for Miranda purposes at the time the incriminating statements were made. On appeal, the state reiterates its argument made at the trial level; we treat the appeal as a petition for a writ of certiorari and deny the petition. See State v. M.G., 550 So.2d 1122, 1123-24 (Fla. 3d DCA), rev. denied, 551 So.2d 462 (Fla.1989); see also State v. Pettis, 520 So.2d 250, 253 (Fla.1988) (modifying State v. C.C., 476 So.2d 144 (Fla.1985)).
I
The facts of this case may be briefly stated as follows. Florida Highway Patrol Trooper Timothy L. Arnold testified below that he was investigating a late-night incident in which an unknown passenger in a car shot into another car on the Palmetto Expressway (TR.7-8); that he interviewed the victims of this shooting and got the license tag number of the suspect car, together with a detailed physical description of the driver and passenger of this car (TR.7-8, 9-10); that he had the license tag number of the suspect car traced to a particular home address in Miami, Florida (TR.ll); that he and Florida Highway Patrol Trooper Fernandez [both of whom were uniformed, wearing visible firearms] proceeded in two separate patrol ears to this address, arriving there at approximately midnight (TR.ll, 19, 22-23); that upon arrival, he observed the suspect car bearing the license tag number given to him by the victims (TR.2); that he and Trooper Fernandez parked their two patrol ears in front of the house, with the ear motors running and the parking lights on, while they conferred with one another (TR.ll, 12, 13); that the noise the officers were making apparently caused the respondent [who lived at that address with his parents] and another juvenile to step out of the house to see what was going on (TR.13); and that the respondent matched the physical description of the driver of the suspect ear, so that he (Trooper Arnold) had probable cause to arrest the respondent and would not have allowed respondent to leave had he tried to do so. (TR.19, 20-21).
Instead of formally arresting the respondent or advising the respondent of his Miranda rights at this point, Trooper Arnold testified that he began questioning the respondent in the front driveway of respondent’s home for about ten minutes, with Trooper Fernandez present, and later with another uniformed police officer standing nearby (TR.15, 23-24); that the respondent initially denied any involvement in the alleged shooting, but eventually made incriminating statements after the Troopers did not accept this denial (TR.13-15, 15-16); and that at no time during this interrogation did he or any other officer advise the respondent of the latter’s Miranda rights (TR.24r-25).
The respondent was then formally arrested after making his incriminating statements and subsequently was charged by petition for delinquency with accessory after the fact to shooting into a vehicle with a firearm. The respondent entered a plea of denial and filed a motion to suppress the above incriminating statements based on Miranda grounds. The trial court heard the motion, in which the above evidence was adduced, and granted the motion to suppress; this petition for a writ of certiorari follows.
II
It is settled that “[a] trial court’s findings regarding whether a suspect was in custody [for Miranda purposes] are clothed with a presumption of correctness and will not be overturned if there is competent, substantial evidence which would support the decision under the correct analysis.” Caso v. *1234 State, 524 So.2d 422, 424 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988). A suspect is in custody for Miranda purposes if his/her “freedom of action is curtailed [by the police] to a ‘degree associated with formal arrest.’” Berkemer v. McCarty, 468 U.S. 420, 441, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984) (citations omitted). “In determining whether a suspect is in custody [for Miranda purposes], ‘the ultimate inquiry is simply “whether there is a ‘formal arrest or restraint on freedom of movement’ of the degree associated with a formal arrest.”’ Roman v. State, 475 So.2d 1228, 1231 (Fla.1985) (quoting California v. Beheler, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983)), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986). In this respect, “‘[a] policeman’s unarticulated plan has no bearing on the question of whether a suspect was “in custody” at a particular time; the only relevant inquiry is how a reasonable man in the suspect’s position would have understood his situation.’” Roman, 475 So.2d at 1231 (quoting Berkemer v. McCarty). If a person is in custody for Miranda purposes, as thus defined, and a custodial interrogation thereafter takes place, it is settled that the interrogating officers must precede any such interrogation by advising the suspect of his/her Miranda rights, namely, that (1) the suspect has a right to remain silent, (2) anything the suspect says can be used against him/her in a court of law, (3) the suspect has the right to the presence of an attorney during questioning, and (4) if the suspect cannot afford an attorney, one will be appointed for him/her prior to any questioning. Unless the state demonstrates that such warnings were given prior to any custodial interrogation and the suspect has effected a proper waiver of rights, no evidence obtained as a result of such interrogation can be used in court against the suspect.” Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Woods v. State, 211 So.2d 248 (Fla. 3d DCA1968).
In the instant ease, there was substantial competent evidence adduced below fully supporting the trial judge’s finding that the questioning herein did not, as urged by the state, take place during a consensual police-citizen encounter, but instead constituted custodial interrogation which required Miranda warnings. As stated by the trial judge, “under the circumstances of this case, given the hour of the night, given the nature of the questioning, the information the police had,” “[t]he juvenile’s age,” “[t]he lack of a parent being present,” and “the type of questions being asked,” it is quite clear that “anyone in [respondent’s] position would not feel free to turn around and walk back in the house.” (TR.5). We agree that a reasonable person in the respondent’s position would have believed that he was, in effect, under arrest for the felony he was being questioned about, especially when his initial denials of any criminal involvement were not accepted by the officers; at that point, Miranda warnings should have been given at the very latest.
Although the officers acted commendably in their investigation and prompt arrest in this case, they were clearly remiss in failing to advise the respondent of his Miranda rights prior to conducting a custodial interrogation of the respondent; because of this failure, the trial court correctly granted the respondent’s motion to suppress the respondent’s incriminating statements to the troopers. Plainly, when, as here, law enforcement officers effect a defacto arrest of a suspect at a suspect’s home and thereafter interrogate the suspect at that location, they are not exempt from warning the suspect of his/her Miranda rights prior to interrogation merely because they delayed a formal arrest of the suspect until after the questioning was completed, especially where they had ample probable cause to arrest before any questioning began and would not have allowed the suspect to leave during questioning in any event. See Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969) (interrogation of defendant in his rooming house bedroom by four police officers constituted custodial interrogation requiring Miranda warnings).
Finding no departure from essential requirements of law, the state’s petition for a writ of certiorari is therefore
Denied.