753 So.2d 733 (2000)
Daniel LARSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1457.
District Court of Appeal of Florida, Second District.
March 22, 2000.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
FULMER, Acting Chief Judge.
Daniel Larson appeals his convictions for robbery with a firearm and kidnapping. We reverse for a new trial because the trial court erred in admitting testimony of a police officer concerning statements gained from Larson without according him the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Larson filed a pretrial motion to suppress custodial statements he made to Officer Lewis of the Fort Myers Police Department on the ground that the statements were obtained in violation of Miranda. At the hearing on the motion, *734 Officer Lewis testified that he investigated a robbery that occurred on September 30, 1996. There were no suspects initially; however, Larson was eventually developed as a suspect. Larson was arrested for a violation of probation by the sheriff's department on December 17, 1997. Officer Lewis testified that he coordinated the arrest on December 17th to get Larson into custody. Larson was transported to the Fort Myers Police Department the next day where Officer Lewis informed Larson of the robbery and kidnapping charges. The officer had not obtained a warrant, but made a "probable cause arrest" of Larson on December 18th at the police station.
Officer Lewis testified that he participated in the booking process and he familiarized Larson with the charges and what the case was about. According to Officer Lewis, Larson initially scoffed at the charges. The officer testified:
My procedure is basically to inform the person when I arrest them what the charges are, what they're about. I usually sit them down in an interview room, sometimes attempt a post Miranda interview. In this case because of his reaction to the charges, the way he was acting, it was very apparent to me I should go no further to even advise Miranda rights.
Officer Lewis did not advise Larson of his Miranda rights. Larson indicated that he needed to speak to his lawyer about the charges. Officer Lewis then moved Larson from the interview room and placed him in a holding cell.
Approximately an hour-and-a-half later, however, Larson asked to speak with Officer Lewis. Again, the officer did not advise Larson of his Miranda warnings. Larson asked about making a deal for probation on the charges. Officer Lewis indicated that he knew another person was involved in the robbery, and Larson stated that he could not identify the other person for fear of retaliation against his family. Larson also stated that he was "going to have to take the rap for this."
On cross-examination, Officer Lewis admitted that he advised Larson he was "looking at twenty-five years" and he admitted that he mentioned "Colombia Dave," apparently the name of an alleged accomplice. Although Officer Lewis asserted that he did not interrogate Larson, he admitted that he interjected some questions while Larson spoke. Lewis testified: "I interjected some questions because I was carrying on a conversation with him. I felt that he was volunteering this information."
The trial court denied the motion to suppress, ruling that Miranda warnings were not required because Larson volunteered his statements and Officer Lewis did not conduct an interrogation. At trial, Officer Lewis testified, over objection, as to Larson scoffing at the charges initially and as to Larson's subsequent statements.
"Miranda prohibits the use of all statements made by an accused during custodial interrogation if the accused has not first been warned of the right against self-incrimination and the right to counsel. Thus, statements obtained in violation of Miranda are inadmissible, regardless of whether they are inculpatory or exculpatory." Davis v. State, 698 So.2d 1182, 1187-88 (Fla.1997). Interrogation can be either express questioning or the functional equivalent. See Rhode Island v. Innis, 446 U.S. 291, 300-301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). The functional equivalent of interrogation includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response." Id. at 301, 100 S.Ct. 1682 (footnote omitted). The focus is "primarily upon the perceptions of the suspect, rather than the intent of the police." Id. The State had the burden of showing that Miranda warnings were not required. See Miranda, 384 U.S. at 475, 86 S.Ct. 1602.
Officer Lewis's own testimony leads us to conclude that he did make statements that were reasonably likely to *735 elicit an incriminating response from Larson. It is noteworthy that Officer Lewis admitted interjecting some questions "because he was carrying on a conversation" with Larson. The officer was vague about what he said during this conversation, but he admitted mentioning the name of another suspect and telling Larson that he was looking at twenty-five years. We hold, therefore, that the State did not carry its burden of showing that no interrogation occurred.
The State argues that any error in admitting Larson's statements was harmless because the statements themselves were not incriminating. We reject this assertion because at trial the prosecutor argued forcefully to the jury in closing that Larson's statements were highly incriminating. Thus, we cannot say that this error did not affect the outcome of the trial. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Reversed and remanded.
WHATLEY and SALCINES, JJ., Concur.