909 So.2d 938 (2005)
Edwin HUMPHREY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5273.
District Court of Appeal of Florida, Second District.
August 5, 2005.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Edwin Humphrey pleaded nolo contendere to carjacking, kidnapping, and armed robbery, reserving the right to appeal the denial of his motion to suppress his confession. The trial court never determined whether the motion was dispositive. In this appeal, Humphrey acknowledges that in the absence of such a finding, he cannot appeal the denial of his motion to suppress. He contends that as a result, he did not get the "benefit" he bargained for when he entered his plea and requests that we remand the case to the trial court with instructions that it either find the motion dispositive or allow him to withdraw his plea.
Although typically it is the trial court's duty to determine whether an issue is dispositive of the case for purposes of the right to appeal, Moore v. State, 647 So.2d 326 (Fla. 2d DCA 1994); Everett v. State, 535 So.2d 667 (Fla. 2d DCA 1988), this court has on occasion in the interest of judicial economy made that determination itself. In this case, it is evident that Humphrey's motion was not dispositive, and he virtually concedes as much in his brief. Accordingly, we affirm Humphrey's judgment and sentence.
Humphrey next contends that we should direct the trial court to allow him to withdraw his plea. However, Humphrey failed to preserve the issue of the voluntariness *939 of his plea by filing a motion to withdraw his plea in the trial court.[1]See Ruff v. State, 840 So.2d 1145 (Fla. 5th DCA 2003). Accordingly, Humphrey's only recourse is to file a motion pursuant to Florida Rule of Criminal Procedure 3.850 challenging the voluntariness of his plea.
Affirmed.
SILBERMAN, J., Concurs in result only.
NORTHCUTT, J., Concurs.
NOTES
[1] While this appeal was pending, it appears Humphrey attempted to preserve this issue by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), asking the trial court to either find his motion dispositive or allow him to withdraw his plea. This motion was not the proper vehicle to preserve the issue of the voluntariness of his plea. Cf. Gafford v. State, 783 So.2d 1191 (Fla. 1st DCA 2001).