961 So.2d 378 (2007)
William TIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2324.
District Court of Appeal of Florida, Fourth District.
August 1, 2007.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant *379 Attorney General, West Palm Beach, for appellee.
WARNER, J.
When a police officer arrested appellant in the parking lot of a hotel for possession of marijuana, the officer made inquiries as to where appellant was staying in the hotel prior to reading Miranda rights. As a result of the information he obtained, the officers asked appellant for and received consent to search the room, which contained more marijuana and increased the charge to possession with intent to sell. The trial court denied a motion to suppress appellant's statements for lack of Miranda warnings, leading to appellant's plea with reservation of this issue on appeal. We affirm, holding that Miranda warnings were not required because the question asked did not constitute interrogation or seek to elicit an incriminating response from appellant.
Broward County Sheriff's deputies engaged in a gang drug sweep the night of appellant Timmons' arrest. At around midnight Officer Romano went to a hotel in Pompano Beach, which one of the other officers knew to be "a very high drug hotel." Romano went to the back parking lot of the hotel. As he came around the corner, he observed Timmons drop two bags out of his right hand. Romano retrieved the bags which, based on his training and experience, he believed to contain marijuana.
Romano arrested Timmons, placed him in handcuffs, and sat him down against the wall while Romano checked for warrants. At this point, he had no idea where Timmons lived. Romano then asked Timmons "if he was staying in the hotel, what room he was in." Timmons responded that he was staying in room 114. Romano testified that in asking for this information he was furthering his investigation as to why Timmons was in the hotel parking lot with suspect marijuana. He asked for consent to search the room. Timmons consented to the search, and the officer obtained the assistance of the hotel manager to let him into the room. The search revealed a greater quantity of marijuana, leading to the charge for possession with intent to sell.
Timmons moved to suppress the marijuana found in the hotel room, arguing that the officer obtained the information regarding his hotel room by interrogating Timmons prior to giving him Miranda warnings. Thus, the consent to search was tainted by the initial illegality of the interrogation. The trial court denied the motion, and appellant entered a plea reserving his right to appeal this dispositive issue.[1]
The safeguards provided by Miranda apply only if an individual is in custody and subject to interrogation. State v. Weiss, 935 So.2d 110, 116 (Fla. 4th DCA 2006). Where either the custody or interrogation prong is absent, Miranda does not require warnings. Lewis v. State, 754 So.2d 897, 900 (Fla. 1st DCA 2000). In determining whether a suspect is in custody for Miranda purposes, the ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. State v. J.Y., 623 So.2d 1232, 1234 (Fla. 3d DCA 1993). As the officer had arrested Timmons, he was in custody. Thus, the remaining inquiry is *380 whether Timmons was subjected to interrogation.
The Supreme Court explained in Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), what constitutes interrogation for purposes of Miranda warnings:
"Interrogation," as conceptualized in the Miranda opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself.
We conclude that the Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term "interrogation" under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. . . . [T]he definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response.
Id. at 300-02, 100 S.Ct. 1682 (footnotes omitted) (emphasis in original); see also Origi v. State, 912 So.2d 69 (Fla. 4th DCA 2005). The focus of the inquiry is "primarily upon the perceptions of the suspect, rather than the intent of the police[,]" as "the Miranda safeguards were designed to vest a suspect in custody with an added measure of protection against coercive police practices, without regard to objective proof of the underlying intent of the police." Innis, 446 U.S. at 301, 100 S.Ct. 1682.
An example of a question posed while the suspect was in custody which did not constitute interrogation is found in State v. Koltay, 659 So.2d 1224 (Fla. 2d DCA 1995). There, the defendant had been arrested, and officers were transporting him to the station. Before Miranda warnings were administered, one of the officers asked defendant why he had previously been in a mental health facility. In response, the defendant became irate and said, "I'm not crazy just because I f____d a little girl." Id. at 1225. Obviously, this was an incriminating response. However, the court held that, although the defendant was in custody, asking why he had previously been in a mental facility was not a question designed to elicit an incriminating response from the defendant. It would not make the defendant feel compelled to incriminate himself.
Questions regarding basic identification data required for booking, such as name, age, current address, and social security number, are generally not subject to Miranda. State v. McAdams, 559 So.2d 601, 601-02 (Fla. 5th DCA 1990). See also Allred v. State, 622 So.2d 984, 987 n. 9 (Fla.1993) (booking questions include name, address, height, weight, eye color, date of birth, and current age). Booking questions are not designed to lead to an incriminating response, but rather are designed to lead to essential biographical data. Id. at 987.
Although the officer in this case was not in the process of booking Timmons, he was acquiring basic information. If an officer is permitted to obtain a current address without the action being considered interrogation, we see no difference in asking whether Timmons was staying at the hotel in which he was found in the parking lot. From the perspective of the suspect, this is not a question which is designed to elicit an incriminating response. That he was staying at the hotel in no way incriminated Timmons for the crime for which he had been arrested, nor *381 did it indicate in any way that Timmons may have been guilty of any other crime.
That the officer then requested consent to search the room also does not constitute interrogation. In Everett v. State, 893 So.2d 1278 (Fla.2004), the defendant was asked for consent to provide DNA samples while his right to counsel was invoked. On appeal, the defendant contended this violated his Fifth Amendment right. The supreme court stated that once a defendant has invoked the right to counsel, counsel is not required for all further communicationsonly for interrogations. Id. at 1284. The supreme court concluded that a request for consent to search is not reasonably likely to elicit an incriminating response. Id. at 1286-87. Thus, in this case the request for consent was not reasonably likely to elicit an incriminating response, and it was not interrogation requiring Miranda warnings. Innis, 446 U.S. at 300-02, 100 S.Ct. 1682.
We thus conclude that the trial court did not err in denying the motion to suppress, and we affirm the conviction and sentence.
GROSS and TAYLOR, JJ., concur.
NOTES
[1] We conclude that the issue is appealable as dispositive, see Peña v. State, 913 So.2d 1203 (Fla. 4th DCA 2005), even though the trial court inadvertently failed to announce its dispositive nature, although requested to do so by defense counsel. Hawk v. State, 848 So.2d 475 (Fla. 5th DCA 2003); Humphrey v. State, 909 So.2d 938 (Fla. 2d DCA 2005).