LEVINE, J.
Appellant appeals his conviction for failure of a sex offender to provide truthful or accurate information regarding his address, claiming the trial court erred in denying his motion to suppress his confession. The issue presented is whether the detective’s question to appellant was likely to elicit an incriminating response and, therefore, required the administration of Miranda warnings. We answer the question in the affirmative and reverse.
Appellant was required as a convicted sex offender to register his home address with law enforcement in 2006 and 2007. The address appellant provided was 1698 Blount Road, the address for a local church, Saint Lawrence Chapel. In December 2007, a detective went to the listed address to confirm if appellant, in fact, lived at that address. The detective spoke to the assistant executive director of the chapel who said that although she recalled receiving mail for appellant, she returned the mail and never saw appellant. Saint Lawrence Chapel is a daytime homeless shelter, without sleeping arrangements, open only from 8:30 a.m. to 8:30 p.m.
The detective went next door to the Broward Outreach Center, which provides temporary residential housing for the *717 homeless. The director confirmed that appellant never resided at the center.
Shortly after the detective’s visit, appellant came to Saint Lawrence Chapel to collect his mail. Appellant was subsequently arrested and convicted of two counts of failure of a sexual offender to provide truthful or accurate information concerning his address.
During trial, appellant objected to the admission of his statement since it was elicited without Miranda warnings. Following appellant’s arrest, the detective asked appellant, “Would you like to make a post-Miranda statement?” Appellant, in response, asked what the criminal charges were, and the detective told him. At that point, before Miranda warnings were given, appellant admitted that he never lived at the shelter and that he only received his mail there. The trial court denied the motion to suppress, finding that the statements were not a result of any law enforcement interrogation.
A trial court’s ruling on a motion to suppress is presumed correct, and the appellate court must interpret the evidence and reasonable inferences in a manner most favorable to sustaining the trial court’s ruling. Pagan v. State, 830 So.2d 792, 806 (Fla.2002). We defer to the trial court’s factual findings that are supported by competent, substantial evidence, while we review legal issues de novo. Id.
Miranda warnings are required only when the individual is in custody and subject to interrogation. Timmons v. State, 961 So.2d 378, 379 (Fla. 4th DCA 2007); see also Rhode Island v. Innis, 446 U.S. 291, 300, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) (“[T]he special procedural safeguards outlined in Miranda are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation.”).
The United States Supreme Court in Innis explained in detail the concept of interrogation:
[T]he term “interrogation” under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police. This focus reflects the fact that the Miranda safeguards were designed to vest a suspect in custody with an added measure of protection against coercive police practices, without regard to objective proof of the underlying intent of the police. A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation.
Id. at 301, 100 S.Ct. 1682 (footnotes omitted).
Case law is replete with examples of where a statement made by a law enforcement officer to the suspect, without benefit of Miranda warnings, is a type of interrogation prohibited by Innis. Where the agent made a specific reference to “how much trouble you are in,” that reference amounted to an interrogation requiring administration of Miranda. State v. Lebron, 979 So.2d 1093, 1095 (Fla. 3d DCA 2008). Where the law enforcement officer mentioned to the suspect that he was “looking at twenty-five years” for his involvement in the case, the officer’s statements “were reasonably likely to elicit an incriminating response from [the defendant].” Larson v. State, 753 So.2d 733, 734-35 (Fla. 2d DCA 2000). Since the defendant was not advised of his right against self-incrimination and the right to counsel, Miranda prohibited the use of the defendant’s statements. Id. at 734.
*718 Where the defendant invokes his right to silence after being advised of his Miranda warnings, a statement by the law enforcement officer directed to the defendant could constitute improper interrogation. In Origi v. State, 912 So.2d 69, 70 (Fla. 4th DCA 2005), the trooper said to the defendant, after his invocation of rights, “That’s a lot of drugs you had.” We held that this statement directed to the defendant was clearly the “functional equivalent of interrogation.” Id. at 73. We also found the nature of the statement to be “accusatory” and “reasonably likely to elicit an incriminating response.” Id.
In Pirzadeh v. State, 854 So.2d 740, 742 (Fla. 5th DCA 2003), where the defendant invoked his right to counsel after being informed of his Miranda rights, the court found that the officer notifying the defendant of the crimes charged, possible sentence, and lack of bond was the “functional equivalent” of an interrogation likely “to elicit an incriminating response from the defendant.” “Once the detective told [the defendant] about the nature of the charges against him, he should have terminated the confrontation as it became clear that continuing the conversation would lead to an incriminating response.” Id. at 742-43.
In the present case, asking appellant to make a “post-Miranda ” statement, without the benefit of the Miranda warnings, is the type of questioning likely to elicit an incriminating response. Such questioning, without warning, is prohibited by Innis and Miranda itself. As Chief Justice Rehnquist stated in Dickerson v. United States, 530 U.S. 428, 443, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000), “Miranda has become embedded in routine police practice to the point where the warnings have become part of our national culture.” As such, we find that the detective erred by failing to give Miranda warnings prior to his questioning of appellant.
 Finally, we are asked to affirm on the basis of harmless error. “If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.” State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). In this case, although there was evidence from the associate director of the chapel and the director of the outreach center that appellant did not live at the listed premises, there was other, somewhat conflicting evidence that appellant received his mail at the premises and had just recently come there to retrieve mail. In the end, it was appellant’s unequivocal admission that he did not live at the shelter that dominated the evidence presented. Because the question is whether “there is a reasonable possibility that the error affected the verdict,” we cannot say that the defendant’s admission did not affect the verdict. Id.
For the foregoing reasons, we find the error was not harmless and we reverse and remand.

Reversed.

WARNER and STEVENSON, JJ., concur.